BYLUND, *Respondent,*
and
MUIR, *Petitioner,*
*v.*
WOLD et al, *Appellants.*
(No. 75-3873, CA 5939)

557 P2d 695

*David Jensen,* Eugene, argued the cause for appellants. With him on the brief was Hammons, Phillips & Jensen, Eugene.

*Nina Johnson,* Eugene, argued the cause for respondent. On the brief was Roy Dwyer, Eugene.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal by a defendant from a peremptory writ of mandamus. Plaintiff is the Lane County Assessor. Defendant is the Director of Personnel of Lane County. Both are parties in their official capacity. The writ commands defendant to certify one Bill Muir as an employe of the plaintiff.

The case has made its way to this court through a remarkable thicket of procedural brambles, but the substantive issue is relatively simple: whether the Lane County personnel ordinance enacted as a part of the so-called Lane Manual requires the Director of Personnel to certify for employment an applicant chosen by the appointing authority where he does not deem the applicant to meet the minimum qualifications established for the position.

The process of recruitment of an Administrative Analyst II for plaintiff's department was begun by the posting of notices which included among the statement of minimum qualifications:

> "A four year college degree in business administration, economics or public administration or related field plus a minimum of two years experience in the practical application of management systems and program and policy planning administration; or any satisfactory equivalent combination of experience and training."

Defendant's practice is to forward all applications for open positions to the respective appointing authority without formal screening because he does not have sufficient manpower to perform that function. Accordingly, 52 applications, including that of Bill Muir, were received by defendant and forwarded to the plaintiff's office without screening.

Plaintiff interviewed five applicants and appointed one of them, Muir, to the position. Prior to the recruiting process, defendant had informed plaintiff that he did not believe that Muir met the minimum qualifications for the position. Muir's application

reflected that he had not yet received his Bachelor's degree, but that he anticipated receiving it six months hence. It also recited various work experience which might be deemed relevant to his ability to perform as an Administrative Analyst II in the Department of Assessment and Taxation. The defendant refused to certify Muir for employment because he deemed Muir not to meet the minimum qualifications for the position, and this proceeding followed.

Plaintiff contends, as the trial court held, that it is irrelevant whether Muir actually meets the minimum qualifications, because the defendant's authority under the Lane Manual to screen and reject applicants ceases at the moment that he forwards the applications to the appointing authority. From that moment, goes plaintiff's theory, the sole discretion to appoint or reject an applicant is in the appointing authority, and the Personnel Director must certify for employment whomever the appointing authority selects regardless of the qualifications of that applicant. While an athletic application of the rules of statutory construction might lead one to that conclusion, or any other conclusion for that matter, the Lane Manual as a whole neither compels nor suggests such a result.

Lane Manual § 2.240(2)(b) provides that

"Recruitment announcements of position openings shall state * * * the minimum qualifications required * * *."

Lane Manual § 2.240(3) provides that

"(a) Applicants for appointment or promotion to positions shall possess the minimum qualifications and other requirements for the classification as stated in the classification descriptions.

"(b) The Personnel Director shall use a combination of screening techniques to determine whether applicants possess the knowledge, skill and other requirements listed in the classification description, including, but not limited to, the following:

"* * * * *

[ 718 ]

"(v) Other appropriate screening techniques as may be deemed advisable or necessary."

The Lane Manual does not expressly refer to a duty of the Personnel Director to forward applications to the appointing authority.

Lane Manual § 2.240(5) provides

"The Personnel Director or appointing authority may reject the application of any person who:

"(a) Is found to lack the qualifications prescribed for admission as announced in the recruitment announcement;

"* * * * *."

Lane Manual § 2.290(1) provides

"* * * The Personnel Director shall have previously [to placement of the employe on the payroll] certified to the Director, Department of Finance and Auditing, by approval and certification of the Personnel Action Forms, that the persons named therein have been appointed and are employed in accordance with the provisions of the Lane Code and these Rules and Regulations."

■ These provisions evidence an intention by the commissioners to employ only those applicants who are qualified for the positions they are to occupy. The method of establishing the appointment component of a merit system is to charge the Director of Personnel with the obligation of obtaining qualified applicants and restricting the appointing authority's choice to them. Hence, the Director of Personnel must establish qualifications, state them in the recruitment notices, and screen the applications for them.[1] Furthermore, the commissioners placed in both the Personnel Director and the appointing authority the individual responsibility to reject nonqualified applicants, without any express restriction as to time.

---

[1] Conceivably, the forwarding of all applications to the appointing authority might be considered an alternative method of screening under Lane Manual § 2.240(3)(b)(v) made necessary by the budgetary inability to perform more satisfactory screening.

We see no evidence in the ordinance of an intention to create a technical, procedural environment providing tactical advantages for wasteful, irrelevant intramural power struggles. Rather, each officer, the Director of Personnel and the appointing authority, has a responsibility to hire or reject employment applicants based on preestablished qualifications, without procedural restrictions arising from the code upon their ability to exercise that responsiblity. Therefore, we hold that defendant's responsiblity under Lane Manual § 2.240(5)(a) to reject unqualified applicants continued throughout the employment process.

The requirement of § 2.290(1) that the Personnel Director must certify that a new employe has been appointed in accordance with the provisions of the Lane Manual, necessarily includes his certification that the person meets the minimum requirements for the position. We need not decide if the certification function is judicial or ministerial in nature. If certifying or not is judicial, then mandamus cannot compel a specific decision. ORS 34.110. If the duty is ministerial, we will not presume that the intent of the ordinance is to require the Personnel Director to certify to that which he knows or reasonably believes not to be true, in this case that the employe met the minimum qualifications for the post, including a college degree and two years administrative experience or the equivalent, and therefore was hired in accordance with the code, when in fact the defendant knew to the contrary. The duty to certify that the appointment complies with the code implies a duty to not certify where the facts are otherwise. To have issued a writ of mandamus compelling defendant to certify falsely was error. *State ex rel v. Ekwall,* 135 Or 439, 446, 296 P 57 (1931).

Reversed.